JOSEPH P. HILLMAN, PROSECUTOR, v. THE CITY OF SEA ISLE CITY, CAPE MAY COUNTY, AND WILLIAM F. JOCHER, JUSTICE OF THE POLICE COURT THEREIN, DEFENDANTS.

Submitted January 17, 1939—Decided April 10, 1939.

328

Before Justices TRENCHARD, PARKER and PERSKIE.

For the prosecutor, *Benjamin C. Kligerman* and *M. Milton Singer*.

For the defendants, *Benjamin M. Cohen*.

The opinion of the court was delivered by

PARKER, J. This is a writ of *certiorari* principally directed to a conviction of the prosecutor before the Police Court of Sea Isle City for violating section 4 of a license ordinance of said city known as No. 160. The section, excluding a *proviso* not claimed to be applicable in this case, reads as follows:

"Every person, firm or corporation carrying on, transacting or conducting business exclusively along the streets, avenues or alleys in this City by selling or offering for sale or soliciting orders for sale of provisions, groceries, goods, foods, wares, merchandise, farm products or any article, thing, chattel or commodity, or using any of said highways in the delivery of the aforesaid, or the soliciting of any kind of business, work or trade shall pay a license fee of $50."

The writ also calls for the ordinance itself as well as for a supplemental ordinance declaring that the original ordinance is enacted for the purpose of revenue; but we find no definite attack on the ordinance as a whole either as unreasonable (*Neumann* v. *Hoboken*, 82 *N. J. L.* 275, and cases cited) nor as exceeding the powers conferred on the municipality by statute. *R. S.* 40:52-1(c) and 40:52-3. So far as the writ is directed to the ordinance as a whole it must be dismissed.

The real attack is on the conviction and the proceedings leading up to it. The complaint before the defendant Jocher, a justice of the Police Court, charged that prosecutor "did peddle milk in said city from a conveyance [truck] belonging to Kligerman Dairies, Inc., in violation of section 4, Ordinance No. 160," &c. The minutes of the trial are very scanty as to the evidence presented, but we gather that the prosecutor was operating a milk delivery truck in the streets of Sea Isle City without a license of any kind from that city and was selling milk from said truck to all who applied. This, we think, was clearly within the purview of the ordinance as quoted above; and we also think it amounted to "peddling" within the meaning of the statute. To the contrary, counsel for prosecutor rely on the two cases of *Hewson* v. *Englewood*, 55 *N. J. L.* 522, and *Huband* v. *Evans*, 114 *Id.* 586. We think that neither case is adequate for the proposition that what this prosecutor did in Sea Isle City as above did not amount to peddling in the true sense of the word. Among the facts as stipulated by counsel in the case at bar (without any rule of court providing for the same, of which more presently), the prosecutor was operating a milk truck belonging to his employers at Atlantic City, was principally engaged in making deliveries of milk in Sea Isle City to regular customers at their homes or places of business, but was incidentally selling milk on the streets of Sea Isle City at retail to all persons desiring to purchase the same. It is this last phase of the matter which led to the complaint and conviction. Now in Hewson *v.* Englewood the prosecutor was making deliveries of goods on behalf of his employer in New York and taking orders from customers in Englewood. But, as specifically pointed out on page 523, "he did not sell or deliver goods in Englewood in any other way. No goods were sold from Richardson's wagons, but only delivered on orders previously obtained and afterwards delivered as aforesaid." On this state of facts this court held that Hewson "was not a hawker, peddler or itinerant vender of merchandise," and defines a peddler as "one who travels about with merchandise for the purpose of selling it." In Huband *v.* Evans a similar state of facts obtained and it was specifically pointed out (114

*N. J. L.*, at foot of *p.* 587) "that there was no house-to-house canvassing, or house-to-house deliveries. There were no sales to the consumers." On page 588 the definition given of a peddler is "one who goes from place to place and from house to house carrying for sale and exposing to sale goods, wares and merchandise which he carries; *or better,* he is an itinerant, solicitant vendor of goods who sells and delivers the consumers the identical goods which he carries with him." The opinion further points out that "to constitute peddling the transaction must be with the consumer."

In the argument for the prosecutor much stress is laid on the words "itinerant" and "going from place to place," but we do not think that these words necessarily imply going from municipality to municipality in order to constitute peddling. For example, in a large city such as New York or Philadelphia, a peddler carrying his wares with him and selling them on the streets or at the doors of houses would be none the less a peddler because he confined his operations to the city; and differences in size or population cannot very well operate to change the character of the occupation. In other words, there is no place to draw the line. It is also argued that an essential feature of a peddler is that "he carries his wares with him which he then and there sells and delivers to whomever he can prevail upon to buy," but we think that this is fairly met by the facts of the case. The second allegedly essential feature is that a peddler must go from house to house soliciting the purchase of his wares; but we do not think this is essential; but that one who sells in the streets to all comers and without ringing the doorbells of houses is none the less a peddler.

As both counsel plainly desire a disposition of this case on its essential merits, we have taken into account the lengthy stipulation filed herein from which we obtain the facts that the prosecutor was in the employ of a corporation located in Atlantic City and licensed there for the purpose of dealing in milk and dairy products, and that the major part of his occupation consisted at the time of making deliveries in Sea Isle City to regular customers. This, of course, was clearly within the rule in *Hewson* v. *Englewood, supra,* and also

within the rule in *Lynch* v. *Long Branch*, 111 *N. J. L.* 148, but the part of the prosecutor's occupation specifically challenged by the arrest and conviction was the selling of milk and other dairy products from the truck to customers in the streets of Sea Isle City without any license. The Police Court proceedings in this case challenged nothing but the latter.

It is proper to point out in conclusion, however, that as we understand the practice, where a writ of *certiorari* calls for the record and proceedings of an inferior court, it is determined upon the return made by that court, and if it be claimed that the record is not warranted by the actual facts, or if some outside matters are to be laid before the court of review, then a suitable rule should be taken from the reviewing court for the purpose of gathering up these outside matters. *Conover* v. *Bird*, 56 *N. J. L.* 228; *Monitor Lodge* v. *Goldy*, 58 *Id.* 119; *Houman* v. *Schulster*, 60 *Id.* 132; *Smart* v. *North Hudson County Railroad Co.*, 66 *Id.* 156; *Frascella* v. *Board of Medical Examiners*, 79 *Atl. Rep.* 1063, not officially reported.

The judgment of the Police Court of the city of Sea Isle City brought up by this writ will be affirmed, with costs.